UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | §  CRIMINAL NO. G-16-15-07 |
| RAFAEL ORTUNO CARRENO, | § § |
| Defendant. | § § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Kenneth A. Cusick, Assistant United States Attorney, and the defendant, Rafael Ortuno Carreno ("Defendant"), and Defendant's counsel, Ralph Martinez, pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count ONE of the Indictment. Count ONE charges Defendant with conspiring between July 1, 2015, and February 22, 2016, with other persons to possess with intent to distribute more than 50 grams of methamphetamine, or more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and more than five (5) kilograms of cocaine, in violation of Title 21, United States Code, Section 846. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** penalty for this alleged violation of Title 21, United States Code, Section 846, is imprisonment for not less than 10 years or more than life imprisonment, a fine not to exceed

$ 10,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of **at least** five (5) years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Cooperation**

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to the drug trafficking conspiracy alleged in Count ONE of this Indictment. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

> (a)   Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;
>
> (b)   Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;
>
> (c)   Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

3

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his/her control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United

States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count ONE of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing; and

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and

agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a)  If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b)  At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c)  At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his/her own behalf.

**Factual Basis for Guilty Plea**

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count ONE of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

RAFAEL ORTUNO CARRENO AKA "Jose Rojas-Duque" aka "Ruben" was a source of cocaine and methamphetamine for Agusto LAZO-Aguirre during the period of the drug conspiracy. CARRENO maintained a stash house for drugs and money (drug proceeds) at 10855 Meadowglen Ln., Apt.. #703, Houston, Texas. The overall drug conspiracy existed and was operating between July 1, 2015, and February 22, 2016, however the activities involving CARRENO occurred from January 16-22, 2016. The following transactions were documented and observed based upon electronic and physical surveillance conducted by federal, state, and local law enforcement officers.

During this period there were numerous cell telephone calls between LAZO and CARRENO. A court authorized FBI wiretap captured these calls between LAZO's cell phone (281) 914-1799 (FBI TT3) and CARRENO's cell phone (832) 475-2041. The wiretap revealed The following calls in which CARRENO was referred to as "UM2014":

1. Session 2547 on 1-16-2016: Lazo and Carreno discussed that "the bill is ready" and they agreed to meet early the next morning.

2. Session 2849 on 1-17-2016: LAZO asked if Carreno wants LAZO to bring the electric bill…they will meet at the Jack in the Box both persons seemed familiar with. LAZO asked what was the number they had pending. Carreno responded it was the 4 of that little thing. LAZO affirmed. Carreno said that it was the 6-5 of that one. Carreno said that LAZO gave him 6 and there are 4 left of the little cousin and 5, like 2-4-5. Carreno is on the way over.

3. Session 2856 @ 12:21:05 pm on 1-17-2016: UM calls, he is almost there.

During the period from 1-19-2016 until 1-20-2016, there were a series of intercepted cell phone calls between LAZO and CARRENO in which a one (1) kilogram cocaine transaction was discussed. There were six (6) calls intercepted between LAZO's cell phone # (281) 914-1799 and CARRENO's cell phone # (713) 933-9507. The discussions focused upon finding a "whole one" or one (1) kilogram of cocaine instead of only a half. Once CARRENO obtained a whole kilogram of cocaine, LAZO and the buyer were to travel to CARRENO's place and inspect the cocaine. Once inspected, the buyer stated that it was very good stuff. LAZO and CARRENO

8

then argued about the price of the kilogram of cocaine. LAZO spoke about a "Michelada" LAZO had to prepare and asked CARRENO if he had anybody who needed LAZO to put something together, then LAZO would take it at 14. LAZO told CARRENO that CARRENO does not have somebody with another half, then LAZO would have to go to the "little store".

Later during the afternoon of 1-20-2016, LAZO called to ask CARRENO whether he had "any little Buchanans over there" so he (CARRENO) can throw one to LAZO because LAZO had a young guy looking for one. Based upon the code words used and the manner in which they spoke, it is believed by the law enforcement investigative team that this conversation involved an attempt to locate and purchase one (1) kilogram of methamphetamine.

On 1-22-2016, based upon conversations heard over the wiretap interceptions concerning threats against the personal safety of CARRENO by LAZO, agents approached the stash house located at 10855 Meadowglen Ln., Apt. #703, Houston, Texas to locate CARRENO. CARRENO was present at this location and was detained on an immigration warrant. Based upon plain view observations, a search warrant was obtained and executed. The following items were found:

263.2 grams of cocaine found in the dishwasher in the kitchen;

$14,198.00 in U.S. currency found behind the dresser in the master bedroom;

Packaging materials for wrapping drugs;

Two(2) Digital Scales found in the kitchen;

One (1) Smith & Wesson 9 mm caliber pistol, serial number "TFL8982" found at the foot of the bed under a blanket in the master bedroom with two (2) magazines and 9 mm ammunition;

Four (4) cell phones found in master bedroom closet ;

One (1) Rolex watch and one(1) gold chain found in the bedroom closet;

One (1) BMW 525i automobile; and

On CARRENO were the following items:
$934.00 U.S. currency and three (3) cell phones in CARRENO's pockets.
The three (3) cell phones in his pockets included:
1) Samsung flip phone (832) 475-2041,
2) LG flip phone (713) 933-9507, and
3) Samsung S5 phone (713) 336-3401.

The overall scope of this drug distribution conspiracy involved at least 50 grams of methamphetamine, or more than 500 grams of a mixture or substance containing a detectable

amount of methamphetamine, and more than five (5) kilograms of cocaine. The Defendant knew or reasonably should have known that the scope of the conspiracy involved at least one and one-half (1.5) kilograms of methamphetamine and 1.263 kilograms of cocaine, which were the quantities of methamphetamine and cocaine either discussed or seized by or from CARRENO.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

24. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

25. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

26. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___2-8___, Texas, on ___February___, 20_18_.

_____
RAFAEL ORTUNO CARRENO
Defendant

Subscribed and sworn to before me on _February 28_, 20_18_.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____      _____
KENNETH A. CUSICK                     RALPH MARTINEZ
Assistant United States Attorney      Attorney for Defendant
Southern District of Texas
Telephone: (361) 888-3111
Facsimile: (361) 888-3200

13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. G-16-15-07 |
| RAFAEL ORTUNO CARRENO,<br>Defendant. | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         _____
RALPH MARTINEZ                                              Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

14

which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  _____2/28/16_____
RAFAEL ORTUNO CARRENO            Date
Defendant